JOHN W. PARRISH'S ADMR. *v.* L. W. COWLES.

**Executors and Administrators—Contract for Board of Family Revoked by Death of Intestate—Widow Responsible for Board After Death of Husband.**

The intestate made a contract with appellee to board his wife and child, during the time he should remain in the army, from September, 1861, the time he left, until he died in December, 1862. His estate was bound for reasonable price for the board of his wife and child until his death, but the contract ended then and his widow was responsible out of her own estate for the board of herself and child thereafter, and she might charge the estate of her infant son with a reasonable sum for his board.

**Executors and Administrators—Settlement of Different Estates Should be Made Separately.**

The estate of Seth T. Parrish should be first settled, and then the estate of Susan A. Parrish should be settled, and then the administrator's accounts as guardian for John W. Parish should be settled separately.

APPEAL FROM EDMONSON CIRCUIT COURT.

April 25, 1872.

OPINION BY JUDGE PETERS:

It seems to this court that the principles upon which the master settled the accounts of appellee Cowles are not correct and the judgment rendered not authorized.

The evidence conduces to prove that the intestate Seth T. Parrish made a contract with appellee to board his wife, and son during the time he should remain in the army, and from September, 1861, the time he left until he died which was perhaps in December, 1862, his estate was bound for a reasonable price for the board of his wife and child, at his death that contract was at an end, and if appellee then charged for their board, the widow would be responsible out of her own estate for a reasonable price for board, and she might charge the estate of her infant son with a reasonable sum for his board.

The estate of Seth T. Parrish should be first settled and, after paying his debts including a reasonable allowance to appellee for boarding his wife and child, the balance would remain to be distributed between them.

Then appellee's accounts as administrator of Susan A. Parrish should be settled and he allowed what he actually proves he paid out for attendance on Mrs. Parrish for medicines, medical attention, nursing and funeral expenses, etc., and he should be allowed a reasonable compensation for the board of herself and son.

And his accounts as guardian for John W. Parrish should be settled separately, also, in which he should be charged with all the money he received as bounty and pensions for the military services of John W. Parrish's father, and allowed a reasonable compensation for expenses and trouble to collect the same. He should account for $26.35 which he admits in his answer he collected from Gardner; $26 collected of appellant, and the bonds on Wingfield for his ward's land, all of which seem to be omitted from the master's report.

In appellee's account marked "H," filed as part of his counter-claim he charges $25 for services and fee in recovering back pay and bounty from U. S. Government, $190, while he neither admits nor denies directly that he collected said $190. This sum he should be charged with, unless he gives some better explanation about it than he has done in his answer.

Wherefore the judgment is reversed and the cause is remanded with directions for further proceedings consistent herewith.

*P. F. Edwards, for appellant.*
*R. Rhodes, for appellee.*